IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 17-390-02 |
| | : |
| EDWIN PAWLOWSKI, | : |
| JAMES HICKEY and | : |
| SCOTT ALLINSON | : |

**REPLY TO GOVERNMENT'S OMNIBUS RESPONSE TO
DEFENDANT SCOTT ALLINSON'S PRETRIAL MOTIONS**

The Government's Omnibus Response misrepresents Third Circuit precedent and either ignores or reneges upon its representations regarding the nature of the conspiracy charge against Scott Allinson. Having deprived Mr. Allinson of an informed and unbiased grand jury, the Government now seeks to paper over the deficiencies in the Indictment by misstating its burden when charging a private citizen with federal program bribery based on campaign contributions. The Government is overreaching here on both the facts and the law and this Court should not permit it.

**I.    The Government's Response Deviates From McCormick v. United States and Controlling Third Circuit Law With Respect To The Relevant *Quid Pro Quo* Standard**

The Third Circuit has recognized, without equivocation, that McCormick v. United States is the controlling case for the applicable *quid pro quo* standard when an alleged bribe consists only of campaign contributions, as is the case charged here against Scott Allinson. See United States v. Salahuddin, 765 F.3d 329, 343-44 (3d Cir. 2014).[1] Campaign contributions cross the line into illegal bribery "only if the payments are in return for an explicit promise or undertaking

---

[1] The Government omitted Salahuddin from the cases cited in its brief, notwithstanding that it is both controlling law in this Circuit and directly contrary to the argument and law in its Response.

by the public official to perform or not perform an official act." McCormick, 500 U.S. 257, 273 (1991); accord United States v. Evans, 504 U.S. 255, 268 (1992) (characterizing the holding in McCormick as requiring an explicit *quid pro quo* agreement to perform "specific official acts"); Salahuddin, supra (characterizing the holding in McCormick as requiring an explicit *quid pro quo* in exchange for "specific official acts" in a campaign contribution case).

Faced with a higher burden than it can meet, the Government's Response distorts federal bribery law in an effort to lower the bar set by McCormick. The Government argues incorrectly that under the law in Evans v. United States and other non-campaign contribution cases, it need only establish an "implicit" *quid pro quo*. See Government's Omnibus Response at p. 15 ("The *quid pro quo* can be implicit[]"; id. at 16 ("Each bribe need not correlate to a specific official act."). This interpretation is directly at odds with McCormick and the controlling authority in the Third Circuit and should be rejected by this Court.

Importantly, Evans is not a campaign contributions case and, for that reason, has never been applied by the Third Circuit in that context. See, e.g., United States v. Fountain, 792 F.3d 310, 315-16 (3d Cir. 2015) (applying Evans and not McCormick in a non-campaign bribery case); Salahuddin, 765 F.3d at 343-44 (clearly distinguishing between the Evans standard applicable to the non-campaign contribution charge against Salahuddin and the McCormick standard applicable to charges involving political donations); United States v. Donna, 366 F. App'x 441, 450 (3d Cir. 2010) (applying Evans and finding that a *quid pro quo* may be "implicit ***unless the 'gift' is a campaign contribution'***" meaning "the official does not have to specifically promise anything in return, as long as all parties involved recognize that a gift has been given in exchange for official action")(emphasis supplied); United States v. Urban, 404 F.3d 754, 780 (3d Cir. 2005) (applying Evans and not McCormick in a non-campaign bribery

2

case); United States v. Bradley, 173 F.3d 225, 231 & n.1 (3d Cir. 1999) (applying Evans and distinguishing campaign contribution cases as presenting "special problems"). In Evans, an undercover agent paid a $7,000 cash bribe and a separate campaign contribution for $1,000 to a County Commissioner in Dekalb County, Georgia. 504 U.S. at 257. The pertinent issue before the Court in Evans was not whether the Government was required to prove an explicit *quid pro quo* tied to a specific official act in a campaign contribution case, an issue resolved by the Court only a year before in McCormick. Rather, it was whether "the public official completes the offense at the time when he or she receives payment in return for an agreement to perform ***specific official acts***."[2] Id. at 268 (emphasis supplied). The Court concluded that fulfillment of the *quid pro quo* was not necessary for a Hobbs Act conviction. Id. Thus, Evans left entirely intact the standard set by McCormick. See id.

Justice Kennedy's concurrence in Evans more directly confronted the *quid pro quo* issue and opined that it need not be stated in "express terms." Id. at 274 (Kennedy, J. concurring). As a result of the arguable variation in Evans from the holding of McCormick, a split arose in the circuits – with the vast majority of courts, including the Third Circuit, agreeing that McCormick controls campaign contribution cases requiring an explicit *quid pro quo* and Evans established a separate, lesser standard applicable only to non-campaign contribution cases.[3] See Salahuddin, 765 F.3d at 343 (recognizing the McCormick-Evans distinction between campaign

---

[2] Justice Stevens, writing for the Court in Evans, references McCormick only once and in passing, further undermining the Government's assertion that this decision modified or lessened its burden under McCormick. The primary issue before the Evans Court and on which cert was granted was "the question whether an affirmative act of inducement by a public official such as a demand, is an element of the offense of extortion 'under color of official right' prohibited by the Hobbs Act[.]" 504 U.S. at 256.

[3] Only the Sixth, Seventh and Eleventh Circuits have held that Evans modified the McCormick standard to require something less than an explicit agreement in all Hobbs Act cases, including campaign contributions.

3

and non-campaign contribution cases); United States v. Ring, 706 F.3d 460, 466 (D.C. Cir. 2013) (same); United States v. Kincaid-Chauncey, 556 F.3d 923, 937 (9th Cir. 2009) (same); United States v. Abbey, 560 F.3d 513, 518 (6th Cir. 2009) (same); United States v. Antico, 275 F.3d 245, 254 (3d Cir. 2001) (recognizing that Evans applies only in the non-campaign context); United States v. Ganim, 510 F.3d 134, 143 (2d Cir. 2007) (Sotomayor, J.) (stating "proof of an *express* promise is necessary when the payments are made in the form of campaign contributions" and distinguishing Evans as modifying this standard only for non-campaign contribution cases); United States v. Taylor, 993 F.2d 382, 385 (4th Cir. 1993) (distinguishing the McCormick standard for campaign cases and the lesser Evans standard for non-campaign cases).[4] In total disregard of controlling Third Circuit law, the Government asks this Court to adopt the minority view that Evans modified the McCormick standard to require something less than an explicit agreement involving specific official acts in a bribery case premised on campaign contributions. To date, the Third Circuit has never applied Evans in this manner. See, e.g., Fountain, 792 F.3d at 315-16 (applying Evans and not McCormick in a non-campaign bribery case); Donna, 366 F. App'x at 450, supra; Urban, 404 F.3d at 780 (applying Evans and not McCormick in a non-campaign bribery case); Bradley, 173 F.3d at 231 & n.1 (same).

In a futile attempt to square the allegations against Scott Allinson with the applicable United States Supreme Court and Third Circuit precedents, the Government's Response relies

---

[4] But see United States v. Siegelman, 640 F.3d 1159, 1170-72 (11th Cir. 2001) (applying a modified version of the McCormick standard in light of Evans and finding that an explicit agreement for a campaign donation could be implied from an official's words or action and need not be express); United States v. Giles, 246 F.3d 966, 971-72 (7th Cir. 2001) (applying Evans to a campaign contribution case); see also United States v. Blandford, 33 F.3d 685, 695 (6th Cir. 1994) (recognizing that McCormick set a "comparatively strict" standard in campaign contribution cases but finding that it could be satisfied with "something short of a formalized and thoroughly articulated contractual agreement").

upon numerous non-campaign contribution cases, all of which are inapposite. Other than McCormick, the Government does not cite a single circuit court case that involved bribes consisting only of campaign contributions. See Gov't Resp. at 14-22 (citing Evans, supra (cash payment in addition to campaign contribution); United States v. Terry, 707 F.3d 612 (6th Cir. 2013)(campaign contribution and other things of value); Siegelman, 640 F.3d at 1170 (campaign contribution and payment to forgive debt); United States v. Wright, 665 F.3d 560 (3d Cir. 2010) (non-campaign contribution stream of benefits); United States v. Kemp, 500 F.3d 257 (3d Cir. 2007) (same); United States v. Bradley, 173 F.3d 225, 231-32 (3d Cir. 1999) (same); United States v. Ganim, 510 F.3d 134, 147 (2d Cir. 2007) (same); United States v. Abbey, 560 F.3d 513, 518 (6th Cir. 2009) (real property to the public official). McCormick expressly carved these non-campaign contribution cases out of its holding. 500 U.S. at 274 n.10 ("[W]e do not decide whether a *quid pro quo* requirement exists in other contexts, such as when an elected official receives gifts, meals, travel expenses or other items of value."). In short, the Government asks this Court to apply the body of law applicable to non-campaign contribution cases to an Indictment in which the only alleged bribes consists of campaign contributions.[5] If the Court adopts this clearly erroneous application of law, any possible conviction of Defendants will be subject to reversal.

---

[5] The Government's argument stretches the law even thinner than the minority view. At page 20 of the Response, the Government advocates that "vague expectations of some future benefit" should be sufficient to satisfy the *quid pro quo* standard. Putting aside that this argument has been rejected by the Third Circuit and is contrary to the very purpose of McCormick's explicitness requirement – even the Eleventh Circuit in United States v. Siegelman, a case cited throughout the Government's argument, recognized that the bar is significantly higher than this, stating unequivocally that "no generalized expectation of some future favorable action will do. The official must agree to take or forego some specific action in order for the doing of it to be criminal under § 666. In the absence of such an agreement on a specific action, even a close-in-time relationship between the donation and the act will not suffice." 640 F.3d at 1171.

The Government's opposition to the motions to dismiss filed on behalf of Scott Allinson is based entirely upon this incorrect application of federal bribery law.[6] While glossing over the fact that the allegation in paragraph 129 of the Indictment pertaining to the May 20th meeting is both unsubstantiated and untrue, the Government refers the Court's attention to the other allegations pertaining to Mr. Allinson, none of which allege or support an explicit *quid pro quo* involving a specific official action by the Mayor on behalf of Scott Allinson. While paragraph 132 refers again to the "legal contract trust work," that reference has no relevance unless the connection between that work and the campaign contribution was made. As clearly demonstrated by the transcript and audio of the May 20, 2015 meeting, that *quid pro quo* simply did not occur.

### II. Count One Should Be Dismissed For Failure to State A Conspiracy

The Government's Response contradicts its representation that Mr. Allinson is charged only with conspiring to violate 18 U.S.C. § 666. Compare Gov't Resp. at 1 (listing mail fraud, honest services fraud, federal program bribery, and Travel Act bribery) with Exhibit A (stating that Mr. Allinson is charged only with "conspiracy to commit a violation of Section 666 in Count One"). Because Mr. Allinson is not charged with conspiring to commit the remaining substantive offenses listed in Count One and the Indictment contains no allegations that Mr. Allinson conspired with Mr. Hickey, Count One is facially defective. Any possible conviction

---

[6] The Government mischaracterizes Mr. Allinson's due process argument as one of "facial validity" or a challenge to the "sufficiency of the evidence," but it is neither. Mr. Allinson had a constitutional right to an informed and unbiased grand jury. The Government deprived Mr. Allinson of that right when it withheld and misrepresented evidence of the only meeting between Allinson and his codefendant Mayor Pawlowski. That meeting is the only alleged connection between the charged official act and the campaign contributions. To be clear, and as set forth in Mr. Allinson's pretrial motions, we do not concede or agree that the Indictment has sufficiently plead an "official act" as defined by McDonnell. Per this Court's Policies and Procedures, we do not reiterate that argument herein.

of Mr. Allinson for the conspiracy as charged in Count One could only result from a prejudicial variance. For this reason and those set forth in the pretrial motions on behalf of Mr. Allinson, Count One should be dismissed.

Respectfully Submitted,

COZEN O'CONNOR

Dated: November 24, 2017   By: *s/William J. Winning*
William J. Winning
Megan S. Scheib
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(610) 832-7463 (p)
(215) 665-5592 (p)
wwinning@cozen.com
mscheib@cozen.com
Attorneys for Defendant
Scott Allinson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 17-390-02
:
EDWIN PAWLOWSKI, :
JAMES HICKEY and :
SCOTT ALLINSON :

## **CERTIFICATE OF SERVICE**

I certify that on November 24, 2017, a true and correct copy of the foregoing was served via ECF on the following:

Michelle L. Morgan, Esq.
Antony J. Wzorek, Esq.
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
michelle.morgan2@usdoj.gov
anthony.wzorek@usdoj.gov

Jack McMahon, Esq.
139 North Croskey Street
Philadelphia, PA 19103
mcmahonlaw@hotmail.com
*Counsel for Defendant Pawlowski*

James M. Polyak, Esq.
645 Penn Street
Suite 500
Reading, PA 19601
jmpolyak@polyaklawoffice.com
*Counsel for Defendant Hickey*

s/*Megan S. Scheib*
Megan S. Scheib
Counsel for Defendant Scott Allinson