IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDWIN PAWLOWSKI | : | No. 17-390-1 |
| JAMES HICKEY | : | No. 17-390-3 |

### ORDER

AND NOW, this 5th day of December, 2017, upon consideration of Defendant Edwin Pawlowski's Motion to Dismiss the Indictment, which Defendant James Hickey has joined, and the Government's response thereto, and following a November 28, 2017, oral argument on the Motion, it is ORDERED the Motion (Document 28) is DENIED without prejudice to Defendants' right to challenge the sufficiency of the evidence at trial.[1]

---

[1] On July 25, 2017, Edwin Pawlowski, Scott Allinson, and James Hickey were charged in a 55-count Indictment with corruption-related offenses arising from an alleged pay-to-play scheme in which Pawlowski accepted over $150,000 in campaign contributions in exchange for the use of his official position. Pawlowski moves to dismiss the indictment on two grounds: (1) alleged prosecutorial misconduct before the grand jury; and (2) failure to allege an offense and to substantiate the counts of the Indictment with sufficient facts before the grand jury.

Pawlowski first argues the Indictment should be dismissed based on the Government's withholding of large amounts of exculpatory evidence from the grand jury. In order to dismiss an indictment based on prosecutorial misconduct before a grand jury, a court must find both that an abuse occurred and that "the [abuse] substantially influenced the grand jury's decision to indict, or . . . there is grave doubt that the decision to indict was free from the substantial influence of such [abuse]," i.e., the error prejudiced the defendant. *United States v. Soberon*, 929 F.2d 935, 939-40 (3d Cir. 1991) (internal quotation marks omitted) (ellipses in original) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)). This standard is not met here, as the Government was not obligated to present the exculpatory evidence cited by Pawlowski to the grand jury, and, in any event, Pawlowski has failed to demonstrate actual prejudice. *See Kaley v. United States*, 134 S. Ct. 1090, 1103 (2014) (finding no requirement for the prosecution to present exculpatory evidence to the grand jury); *United States v. Williams*, 504 U.S. 36, 51 (1992) (noting that because the grand jury does not determine guilt or innocence, but "assess[es] whether there is an adequate basis for bringing a criminal charge[,] . . . it has always been thought sufficient to hear only the prosecutor's side").

Pawlowski next argues the Indictment fails to allege an offense and the Government failed to present to the grand jury sufficient evidence of essential elements of the offenses

charged. Specifically, Pawlowski asserts the Indictment fails to allege—and the Government failed to present evidence of—an explicit quid pro quo between Pawlowski and his alleged co-conspirators or Pawlowski's performance of an official act, both of which Pawlowski contends are essential elements of the bribery crimes charged under *McCormick v. United States*, 500 U.S. 257 (1991), and *McDonnell v. United States*, 136 S. Ct. 2355 (2016). As the Third Circuit has recognized, in *McCormick*, the Supreme Court held "an explicit quid pro quo is necessary for conviction [of extortion under color of official right] under the Hobbs Act when a public official receives a campaign contribution." *United States v. Antico*, 275 F.3d 245, 256 (3d Cir. 2001) (citing *McCormick*, 500 U.S. at 274), abrogated on other grounds by *Skilling v. United States*, 561 U.S. 358 (2010). In *McDonnell*, the Supreme Court clarified that an "official act" under the federal bribery statute, 18 U.S.C. § 201, means making a decision or taking action, or agreeing to do either, on a "question, matter, cause, suit, proceeding or controversy" that involves a "formal exercise of governmental power." 136 S. Ct. at 2371-72. The question or matter must be something "specific and focused" that is "pending or may by law be brought before a public official." *Id.* at 2372 (internal quotation marks omitted). "Setting up a meeting, talking to another official, or organizing an event (or agreeing to do so)—without more—does not fit that definition of 'official act.'" *Id.*

An indictment must be a "plain, concise, and definite written statement of the essential facts charged." *United States v. Willis*, 844 F.3d 155, 161 (3d Cir. 2016) (quoting Fed. R. Crim. P. 7(c)). Federal Rule of Criminal Procedure 12(b) permits a defendant to move to dismiss an indictment based on a defect therin, including failure to state an offense. Fed. R. Crim. P. 12(b)(3). However, "[i]t is well-established that an indictment returned by a legally constituted and unbiased grand jury, . . . *if valid on its face* is enough to call for trial of the charge on the merits." *United States v. Huet*, 665 F.3d 588, 594-95 (3d Cir. 2012) (ellipses and emphasis in original) (citation omitted). An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Willis*, 844 F.3d at 161 (citation omitted). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense." *Id.* at 161-62 (citation omitted). As such, a court should uphold an indictment "unless it is so defective that it does not, by any reasonable construction, charge an offense." *Id.* (citation omitted). In reviewing a motion to dismiss, a court must accept "as true the factual allegations set forth in the indictment." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990).

The Court first notes it is not clear a quid pro quo is an essential element of at least one of the charged offenses in this case, namely bribery under 18 U.S.C. § 666. *See Willis*, 844 F.3d at 164 (declining to decide whether the government must allege and prove a quid pro quo to establish a § 666 bribery offense); *United States v. Andrews*, 681 F.3d 509, 527 (3d Cir. 2012) ("We have never decided whether § 666(a)(2) requires proof of a quid pro quo . . . ."); *United States v. Beldini*, 443 F. App'x 709, 717 (3d Cir. 2011) (noting the "Supreme Court has not addressed whether reasoning analogous to that of *McCormick* . . . requires a quid pro quo for § 666," and "[t]here is an earnest circuit split on whether § 666 does or does not require proof of a quid pro quo").

Even if the Government is required to allege a quid pro quo to state all of the bribery offenses charged in the Indictment, the Court finds a quid pro quo between Pawlowski and his

alleged co-conspirators has been adequately alleged in each count. A "quid pro quo" is "a specific intent to give or receive something of value in exchange for an official act." *Willis*, 844 F.3d at 161 (quoting *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05 (1999)). The *McCormick* Court described the necessary explicit quid pro quo in the campaign contribution context as follows:

> The receipt of such contributions is also vulnerable under the Act as having been taken under color of official right, but only if the payments are made in return for an explicit promise or undertaking by the official to perform or not to perform an official act. In such situations the official asserts that his official conduct will be controlled by the terms of the promise or undertaking. This is the receipt of money by an elected official under color of official right within the meaning of the Hobbs Act.

500 U.S. at 273. The *McCormick* Court did not elaborate on the meaning of "explicit" in this context. *See United States v. Ring*, 706 F.3d 460, 466 (D.C. Cir. 2013) (noting the "*McCormick* Court failed to clarify what it meant by 'explicit,' and subsequent courts have struggled to pin down the definition of an explicit quid pro quo in various contexts"). Some Circuit Courts have found an "explicit" quid pro quo "is satisfied by something short of a formalized and thoroughly articulated contractual arrangement (*i.e.*, merely knowing the payment was made in return for official acts is enough)." *United States v. Blanford*, 33 F.3d 685, 696 (6th Cir. 1994); *see United States v. Siegelman*, 640 F.3d 1159, 1171 (11th Cir. 2011) ("*McCormick* uses the word "explicit" when describing the sort of agreement that is required to convict a defendant for extorting campaign contributions. Explicit, however, does not mean *express*."); *United States v. Carpenter*, 961 F.2d 824, 827 (9th Cir. 1992) (finding *McCormick*'s explicitness requirement does not require an official's specific statement that he will exchange official action for a contribution, but rather "requires . . . the quid pro quo be clear and unambiguous, leaving no uncertainty about the terms of the bargain"). The Third Circuit has suggested "explicit" may be equated to "express," but has not squarely addressed the issue. *See Antico*, 275 F.3d at 260 (distinguishing the Hobbs Act quid pro quo requirement in the non-campaign contribution context before the court from the "express quid pro quo requirement" applied in campaign contribution cases); *see also United States v. Menendez*, 132 F. Supp. 3d 635, 643 (D.N.J. 2015) (finding bribery counts in indictment satisfied *McCormick*'s quid pro quo requirement and noting "[t]hat the alleged agreement was not express is irrelevant").

The bribery counts against Pawlowski set forth exchanges of campaign contributions from certain law firms and vendors for Pawlowski's use of official action. For example, Count Two of the Indictment alleges Pawlowski:

> corruptly solicited, demanded, accepted and agreed to accept something of value, intending to be influenced and rewarded in connection with the business, transaction, and series of transactions of the City of Allentown involving something of value of $5,000 or more, namely, PAWLOWSKI solicited campaign contributions from M.P. and Law Firm #5 intending to be influenced and rewarded in connection with the awarding of the delinquent tax collection contract for the City of Allentown.

Indictment, Count Two ¶ 2. Regardless of the meaning of "explicit," because the Indictment charges that Pawlowski solicited campaign contributions from law firms and vendors in exchange for the use of his official position to provide favorable treatment for those firms and

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

vendors in the award of contract work from the City of Allentown, it adequately alleges a quid pro quo at this stage in the proceedings. See Willis, 844 F.3d at 164 (holding indictment adequately alleged a quid pro quo based on similar language); Menendez, 132 F. Supp. 3d at 643 (finding indictment "clearly allege[d] an explicit *quid pro quo*" by stating defendant made campaign contributions "in return for" defendant-senator's advocacy on behalf of the defendant in his contract dispute). Similarly, the favorable treatment alleged—e.g., the awarding of contracts—is sufficient to constitute "official acts" for the purposes of the motion to dismiss.

Whether the acts alleged in the Indictment in fact satisfy the meaning of an explicit quid pro quo under *McCormick*, or the definition of an "official act" under *McDonnell*, are factual determinations to be resolved after the Government has presented evidence at trial. See McDonnell, 136 S. Ct. at 2371 ("It is up to the jury, under the facts of the case, to determine whether the public official agreed to perform an 'official act' . . . [and] the jury may consider a broad range of pertinent evidence, including the nature of the transactions, to answer that question."). The allegations of the Indictment are legally sufficient to go to a jury, and to the extent Pawlowski challenges the sufficiency of the evidence presented to the grand jury, such a challenge is also premature at this stage. See Williams, 504 U.S. at 54–55 (noting that because courts must "abstain from reviewing the evidentiary support for the grand jury's judgment," they similarly cannot "scrutiniz[e] the sufficiency of the prosecutor's presentation"); United States v. Bergrin, 650 F.3d 257, 265 (3d Cir. 2011) ("A ruling on a motion to dismiss is not . . . a permissible vehicle for addressing the sufficiency of the government's evidence." (internal quotation marks and citation omitted)).

As the Indictment returned against Pawlowski sets forth the elements of the charges and sufficiently apprises him of what he must defend against, any challenges to the sufficiency of the Government's evidence must await trial.